UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARCY C. MARTIN                                                                              PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 3:13CV251-RHW

COPIAH LINCOLN COMMUNITY COLLEGE                                                DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendant Copiah Lincoln Community College's (Co-Lin) motion for summary judgment. Doc. [51]. Plaintiff Darcy C. Martin, proceeding *pro se* and *in forma pauperis*, filed a complaint on April 29, 2013, alleging that Defendant violated various constitutional rights in connection with his attempts to enroll as a student at Co-Lin. Doc. [1]. Defendant filed an answer denying Plaintiff's claims and asserting a counterclaim alleging that Plaintiff owed Co-Lin approximately $625 for an unpaid account balance. Doc. [7]. On March 27, 2014, the parties agreed to a settlement. *See* Minute Entry 3/27/2014. On March 28, 2014, the Court entered a final judgment of dismissal based on the settlement agreement. Doc. [30]. Among the relevant terms of the settlement agreement, Plaintiff agreed to dismiss his claims and Defendant agreed to dismiss its counterclaim; Defendant agreed to release Plaintiff's academic transcript upon Plaintiff's written request to Michael Tanner; Defendant agreed to "write off", "forgive" and/or "extinguish" Plaintiff's debt on his student account; and the parties agreed to keep the terms of the agreement strictly confidential. Doc. [64].

On August 8, 2014, Plaintiff filed a new complaint designated as *Martin v. Copiah Lincoln Community College*, Civil Action No. 3:14cv618. Doc. [31-1]. In the new complaint, Plaintiff alleged that Co-Lin failed to fulfill its obligations under the settlement agreement. *Id.*

Specifically he alleged that on August 5, 2014, Co-Lin failed to send his transcripts to Hinds County Community College (Hinds) after he made the request of Co-Lin. *Id.* at 2-3. Plaintiff alleged that the settlement agreement required Co-Lin to release all school transcripts upon his request. *Id.* As a consequence, Plaintiff alleges that he has suffered emotional distress and that he has not been able to enroll in college for two years. *Id.* at 4-6.

On October 14, 2014, Defendant filed a motion to re-open the case and to consolidate the newly filed complaint (3:14cv618) with the previously settled lawsuit (3:13cv251). Doc. [31]. The Court granted Defendant's motion and re-opened *Martin v. Copiah Lincoln Community College*, Civil Action No. 3:13cv251. Doc. [32]. The parties then filed a joint motion to consolidate, which the Court granted. Doc. [33] & [34]. Defendant filed a motion for summary judgment. Doc. [51]. The Court conducted a hearing on the motion for summary judgment, at which hearing the parties presented evidence, testimony, and argument in support of their respective positions. *See* Minute Entry 4/16/2015 & Doc. [68]. Prior to the hearing, the Court advised the parties that they "may present witness testimony and documentary exhibits either in support or opposition to the motion for summary judgment." Doc. [54].

**Law and Analysis**

**Standard of Review**

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the

plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

**Issues**

As part of the settlement agreement, Plaintiff agreed to release all of his claims against Defendant. The only issues remaining relate to whether Co-Lin breached the terms of that settlement agreement. At issue is whether Defendant failed to comply with the terms of the settlement agreement between itself and Plaintiff when Defendant allegedly failed to release Plaintiff's transcript to Hinds County Community College, thereby preventing Plaintiff from enrolling in college. Also at issue is whether Defendant breached the settlement agreement

because it failed to erase Plaintiff's debt.  Although Plaintiff raised new claims in response to the summary judgment motion and at the summary judgment hearing, such as violations of the First Amendment, bankruptcy laws, and the Family and Educational Privacy Act, these claims were not contained in Plaintiff's complaint;  therefore, the Court will not consider them.  Defendant also seeks liquidated damages based on Plaintiff's breach of the confidentiality terms contained in the settlement agreement and additional sanctions and attorney fees based on Plaintiff's misconduct.

**Release of Acadmic Transcript**

Plaintiff alleges that Defendant breached the terms of the settlement agreement when it refused to release his Co-Lin academic transcript to Hinds.  It is undisputed that Plaintiff agreed to and signed the settlement agreement.  Included in the terms of the agreement, Plaintiff was required to direct all requests for academic transcripts to Michael Tanner, who is the Vice President of Business Affairs at Co-Lin.  Doc. [64] at 4.  It is undisputed that when Plaintiff made his transcript request on August 5, 2014, he did not direct his request to Tanner.  Rather, he faxed a transcript request form instructing Co-Lin to send his transcript to Hinds.  Doc. [60] at 3.  Plaintiff also spoke to Gay Langham, Co-Lin's Student's Records Manager, who explained that there was a hold on Plaintiff's account.  Doc. [68] at 10; Doc. [51-7].  Langham informed Plaintiff that she could not process his request until Tanner approved it.  *Id.*  The summary judgment evidence further demonstrates that on August 6th, Langham submitted Plaintiff's request to Chris Warren, Co-Lin's College Registrar and Director of Admissions and Records, who then forwarded the request to Tanner.  Doc. [51-7].  Tanner approved the request.  Doc. [51-4].  The summary judgment evidence indicates that Co-Lin electronically transmitted Plaintiff's

transcript to Hinds on August 6, 2014. Hinds received the transcript that same day. Doc. [51-6]. Plaintiff testified that when he spoke with Gwendolyn Strong, a data entry clerk at Hinds' Utica campus, on August 5th and 6th, she informed him that Hinds had not yet received his Co-Lin transcript. Plaintiff filed the instant lawsuit on August 8, 2014, alleging a breach of the settlement agreement.

Based on the competent summary judgment evidence, the Court finds that there is no genuine issue of material fact on the issue of whether Defendant breached the settlement agreement by failing to forward Plaintiff's transcript to Hinds. Other than Plaintiff's speculation and hearsay testimony, all of the evidence points to the fact that, once the request had been submitted to Tanner and approved by him, Co-Lin did in fact send Plaintiff's transcript to Hinds. Langham, Warren and Tanner all stated that Co-Lin sent Plaintiff's transcript on August 6, 2014. Doc. [51-4], [51-7] & [51-9]. Randall Harris, the District Registrar for Hinds Community College, stated that he received Plaintiff's transcript on August 6th. Doc. [51-6]. Harris further explained that the transcript may not have been processed on the day it was received by Hinds, but that it could have taken up to August 11th before the transcript processed and became visible in the system. *Id.* On August 8th, a mere two days after he thought his transcript had not been forwarded to Hinds, Plaintiff filed the instant lawsuit. Plaintiff argues that the requirement of directing transcript requests from Tanner goes against standard protocol for transcript requests. His argument ignores the fact that he agreed to a specific protocol as part of his settlement, i.e. that he request his Co-Lin transcript through Tanner. Any delay in the transcript transmittal occurred because Plaintiff failed to direct his request for transcript to Tanner directly, as required by the terms of the settlement agreement.

In contradiction to Defendant's summary judgment evidence, Plaintiff testified at the summary judgment hearing that as of November 2014, Hinds Community College had not received his transcript. Doc. [68] at 25. He bases this argument on inadmissible hearsay testimony of Tamika Smith, an admissions counselor at Hinds. He also referenced his online application to Hinds and student profile, which were not completed until December 13, 2014. Doc. [60] at 12- 22. According to Plaintiff, the fact that his application was not completed until December 13, 2014, constitutes proof that Hinds did not have his transcripts prior to that time. The Court has reviewed these documents and there is nothing in them indicating when Hinds received Plaintiff's transcripts from Co-Lin. The documents merely show that the Hinds application was completed on December 13, 2014, but without any reference to Plaintiff's Co-Lin transcripts or when they were received. The Court concludes that these documents do not create a genuine issue of material fact. Defendant's summary judgment evidence affirmatively shows that Hinds did receive the transcript on August 6, 2014.

**<u>Debt Forgiveness</u>**

With respect to Plaintiff's debt, the terms of the settlement agreement provided that Co-Lin agreed to "write off", "forgive", and/or "extinguish" Plaintiff's debt to Co-Lin on his student account. Plaintiff argues that because a hold remained on his account when he made a transcript request on August 5, 2014, Defendant failed to comply with the terms of the settlement agreement. The Court finds that there is no genuine issue of material fact with respect to this issue.

Defendant did not agree to remove the hold on Plaintiff's account, but merely to "write off", "forgive", or "extinguish" the debt. Tanner testified that the hold alerts Co-Lin employees

6

unfamiliar with the confidential settlement agreement that Plaintiff's transcript request had to be referred to Tanner in the business office. Doc. [68] at 97, 108, 112. Tanner further testified that because of security measures, an employee such as Langham would not have had access to Plaintiff's account or the amount of debt at the time she spoke with Plaintiff on August 5th and 6th. Doc. [68] at 87-88. By the terms of the settlement agreement, Plaintiff should have made his transcript request directly to Tanner rather than through normal channels for obtaining a transcript. Because Plaintiff attempted to obtain his transcript through a means other than that agreed to in the settlement agreement, the system alerted Co-Lin employees that there was a hold from the business office on Plaintiff's account. The employees then referred the matter to Tanner in the business office, who was the proper contact pursuant to the terms of the settlement agreement. Plaintiff admitted that to his knowledge Co-Lin has made no effort to pursue the debt. Doc. [68] at 71. Plaintiff has failed to demonstrate a genuine issue of material fact regarding his claim that Defendant failed to "write off", "forgive", or "extinguish" the debt that Plaintiff owed to Defendant.

**Liquidated Damages**

Defendant argues that Plaintiff should be required to pay $1,000 in liquidated damages because he violated the confidential terms of the settlement agreement. Defendant argues that Plaintiff publicly disclosed the confidential terms when he filed a response (Doc. [55] & [62]) to Defendant's motion for summary judgment.

Plaintiff filed his response in opposition to Defendant's motion for summary judgment regarding enforcement of the terms of the settlement agreement. Because the terms were at issue, the parties necessarily made reference to the settlement agreement terms in their pleadings and

exhibits.  By order dated April 30, 2015, the Court sealed documents filed by both Plaintiff and Defendant that contained confidential settlement terms.  Doc. [61].  Redacted versions have since been filed and are no longer available for public viewing.  Doc. [62] [63] & [64].  Based on the foregoing, the Court finds that liquidated damages should not be awarded.

**<u>Attorney Fees</u>**

Defendant also argues that it should be awarded attorney fees.  Plaintiff filed a second complaint reasserting claims that he already had agreed to dismiss as part of the settlement agreement.  The second complaint alleged breach of the settlement agreement, but the alleged breach was precipitated by Plaintiff's unwillingness to conform to the terms of the agreement.  Specifically, in violation of the terms of the settlement agreement, Plaintiff did not direct his transcript request to Tanner, insisting instead on seeking his transcript through standard channels.  Plaintiff then filed the second complaint a mere three days after making the transcript request on the mistaken belief that Co-Lin had not forwarded his transcript to Hinds.  The summary judgment evidence demonstrated that in fact the transcript had been sent to Hinds on August 6, 2014, prior to Plaintiff filing the second complaint.  Rather than investigate the facts or attempt to reach an informal resolution of the matter with Defendant's counsel, Plaintiff hastily filed a lawsuit with no foundation in law or fact.  Based on the foregoing, the Court finds that Defendant should be awarded attorney fees.  Defendant is directed to file an affidavit documenting attorney fees in connection with defending against Plaintiff's second complaint.  Defendant's affidavit in support of its request for attorney fees shall be filed on or before July 24, 2015 .  Plaintiff's response in opposition shall be filed on or before August 7, 2015.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [51] Motion for

Summary Judgment is GRANTED and that Plaintiff's claims are dismissed with prejudice as to all claims and all parties.

 IT IS FURTHER ORDERED that Defendant is entitled to an award of attorney fees to be determined at a later date pending briefing on that issue.

 SO ORDERED, this the 14th day of July, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE